IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ANN ELLEN DUNLAP | ) |
| | ) |
| Plaintiff-Appellant | ) |
| | ) |
| v. | ) No. 16-3658 |
| | ) |
| JACOB LEW, et al. | ) |
| | ) |
| Defendants-Appellees | ) |

## APPELLEES' OPPOSITION TO
## APPELLANT'S MOTION FOR JUDICIAL NOTICE

Appellant Ann E. Dunlap, appearing *pro se*, has moved the Court
to take judicial notice of two documents: (1) Dunlap's letter responding
to an Internal Revenue Service (IRS) Notice of Penalty Change; and
(2) an IRS Notice of Intent to Levy. For the reasons discussed below,
this Court should deny Dunlap's motion.

## STATEMENT

Dunlap filed suit in district court, seeking monetary and
injunctive relief from the United States and five federal employees with
respect to federal taxes. The court dismissed Dunlap's suit, and she
appealed. As the appellees explained in their brief, the district court
correctly held that: (i) Dunlap's requests for monetary relief from the

United States were barred by sovereign immunity; (ii) Dunlap's

requests for equitable relief were barred by the Anti-Injunction Act,

I.R.C. § 7421(a); and (iii) the only proper defendant was the United

States, not the five federal employees Dunlap also named as

defendants.  (Appellees' Br. 12-30.)  Dunlap replied to the appellees'

brief on October 6, 2016, and the appeal is fully briefed.

Dunlap now requests that the Court take judicial notice of two

documents.  (Mot. 1-2.)  First, Dunlap requests that the Court judicially

notice an undated letter from her to the IRS, responding to an IRS

Notice of Penalty Charge dated October 24, 2016.  (*Id.*, 1.)  The Notice

informed Dunlap that she was liable for a $5,000 civil penalty under

I.R.C. § 6702(b), and Dunlap responded by asserting that "Section 6702

is an impotent statute" because it "has no implementing regulation."

(*Id.*, Ex. A.)  Second, Dunlap requests that the Court judicially notice an

IRS Notice of Intent to Levy dated November 28, 2016.  (*Id.*, 1-2.)  The

Notice states that the IRS intends to levy Dunlap's state tax refund or

other property if she fails to promptly pay the $5,000 penalty.  (*Id.*,

Ex. B.)

## DISCUSSION

It is unclear for what purpose Dunlap seeks to have the Court judicially notice the two documents she has submitted.  It is clear, however, that neither document is the proper subject of judicial notice. The Court should, therefore, deny Dunlap's motion.

With respect to Dunlap's letter to the IRS, its only potential relevance is her argument therein that certain provisions of the Internal Revenue Code must be implemented by regulation before being effective.  But judicial notice is not a means for establishing the legal principles governing a case.  *Holland v. United States*, No. 06-2700-STA-tmp, 2008 WL 2769367, at *3 (W.D. Tenn. July 11, 2008) (collecting cases).  In any event, the parties addressed this specific argument in their briefs (Appellant's Opening Br. 2; Appellees' Br. 21-22; Appellant's Reply Br. 4, 9), and those briefs provide an adequate basis for resolving the argument without resort to documents outside the record.

With respect to the IRS's Notice of Intent to Levy, the document is irrelevant to the questions before this Court, *i.e.*, whether Dunlap's suit is barred by sovereign immunity, whether the suit is barred by the

14806520.1

Anti-Injunction Act, and whether Dunlap can sue federal employees for attempting to collect her unpaid tax liabilities. Judicial notice is, therefore, inappropriate. *United States v. Houston*, 110 F. App'x. 536, 545 (6th Cir. 2004) (courts may only take judicial notice of facts that are relevant to the issues before them).

## CONCLUSION

For the foregoing reasons, Dunlap's motion for judicial notice should be denied.

Respectfully submitted,

CAROLINE D. CIRAOLO
  *Principal Deputy Assistant Attorney General*

/s/ Geoffrey J. Klimas

JOAN I. OPPENHEIMER (202) 514-2954
GEOFFREY J. KLIMAS   (202) 307-6346
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*

BENJAMIN C. GLASSMAN
  *United States Attorney*

DECEMBER 2016

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

1.  This opposition complies with the type-volume limitation of Fed. R. App. P. 27(d) because:

[X]  this opposition contains <u>633</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ]  this opposition uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This opposition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X]  this opposition has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook, *or*

[ ]  this opposition has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

(s)   <u>/s/ Geoffrey J. Klimas</u>

Attorney for <u>Appellees</u>

Dated: <u>December 15, 2016</u>

14806520.1

## CERTIFICATE OF SERVICE

It is hereby certified that on December 15, 2016, the foregoing

opposition was electronically filed with the Clerk of the Court by using

the CM/ECF system and sent via first-class mail, postage prepaid,

addressed as follows:

> Ms. Ann Ellen Dunlap
> 45589 County Road #55
> Coshocton, Ohio  43812

> s/ Geoffrey J. Klimas
>
> GEOFFREY J. KLIMAS
> *Attorney*